# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LENA MARIA CAMACHO BAEZ,     :     CIVIL ACTION NO. 3:17-CV-610
    :
          **Plaintiff**     :     **(Chief Judge Conner)**
    :
       **v.**     :
    :
NANCY A. BERRYHILL,[1]     :
    :
          **Defendant**     :

## ORDER

AND NOW, this 26th day of July, 2018, upon consideration of the report
(Doc. 21) of Magistrate Judge Martin C. Carlson, recommending the court deny the
appeal of plaintiff Lena Maria Camacho Baez ("Camacho Baez") from the decision
of the administrative law judge ("ALJ") denying Camacho Baez's application for
disability insurance benefits and supplemental security income, wherein Judge
Carlson opines, *inter alia*, that the ALJ's explanation for rejecting the opinion of
Camacho Baez's treating psychiatrist, Dr. Bhatt, while "brief" and "succinct," is
adequate to support the ALJ's decision, (Doc. 21 at 22-24), and the court noting
Camacho Baez filed objections (Doc. 22) to this portion of Judge Carlson's report,
and that the Commissioner of Social Security ("Commissioner") filed a responsive
brief which incorporates by reference Judge Carlson's analysis as well as arguments
previously presented to the magistrate judge on the subject, (Doc. 23), and following

---

[1] Due to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, former
acting Commissioner of Social Security Nancy A. Berryhill is currently presiding
as the Deputy Commissioner for Operations of the Social Security Administration.
For consistency purposes, however, we continue to refer to Ms. Berryhill as "the
Commissioner."

*de novo* review of the contested portion of the report, <u>see</u> <u>Behar v. Pa. Dep't of</u>

<u>Transp.</u>, 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C);

<u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)),[2] the court observing that,

in disability eligibility determinations, a "cardinal principle . . . is that the ALJ

accord treating [sources'] reports great weight, especially 'when their opinions

reflect expert judgment based on a continuing observation of the patient's condition

over a prolonged period of time," <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000)

(citations omitted), and that a treating source's opinion must be afforded

"controlling weight" if it is "well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with other substantial

evidence" of record, 20 C.F.R. § 404.1527(c)(2), and further observing that an ALJ

must carefully examine medical findings supporting a treating source opinion of

disability, <u>see</u> <u>Morales</u>, 225 F.3d at 317, (citation omitted), and that, in rejecting the

opinion of a treating source, "an ALJ may not make 'speculative inferences from

medical reports' and may reject 'a treating [source's] opinion outright only on the

basis of contradictory medical evidence' and not due to his or her own credibility

judgments, speculation or lay opinion," <u>id.</u> at 317-18 (citations omitted), and, after

---

[2] Magistrate Judge Carlson also recommends that the court find that the ALJ properly weighed the opinion of treating licensed clinical social worker Dr. Levine and state agency psychological consultant Dr. Selesner and that the ALJ did not err in assessing Camacho Baez's residual functional capacity or in formulating hypothetical questions for the vocational expert. Because remand is necessary based on the ALJ's error in application of the treating source rule, we need not review these recommendations.

an independent review of the record and the ALJ's decision, the court determining

that the ALJ offered cursory and legally insufficient justification for rejecting

Dr. Bhatt's treating source opinion (among others) in favor of the opinion of a non-

treating, non-examining state agency psychological consultant, to which the ALJ

assigned "significant weight," in what the court can only characterize as spare

analysis, to wit:

> The opinion[] of . . . psychiatrist Dr[.] Bhatt made for
> [the] purpose of welfare's work requirement [is] given
> little weight because [it is] not supported by the evidence
> as outlined above, [it is] frequently nonspecific as to
> functional limitations, and [it is] inconsistent with the
> claimant's inconsistent medication usage and her ability
> to care for her young child,

(Tr. at 22),[3] and the court further determining that, other than vague and generic

statements that the treating source opinion is "not supported by the evidence" and

is "inconsistent" with Camacho Baez's activities, the ALJ fails to meaningfully

engage with the treating source opinion,[4] to identify discrepancies between the

treating source opinion and the source's underlying medical records,[5] to identify

---

[3] The ALJ provided equally flat reasoning for rejecting the opinions of primary care physician Dr. Reddi and treating physician Dr. Yalla. (See id.)

[4] See 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").

[5] See Torres v. Barnhart, 139 F. App'x 411, 415 (3d Cir. 2005) (opining that an ALJ may reject a treating source opinion when the ALJ points to inconsistencies or discrepancies between the opinion and treatment notes).

contradictory medical evidence,[6] or to otherwise justify assigning little weight to

all treating sources of record,[7] such that the ALJ's decision violates even the most

deferential construction of the treating source rule and leaves this court unable to

adequately exercise its reviewing function, and the court thus concluding that the

ALJ's decision is not supported by "substantial evidence," see 42 U.S.C. § 405(g),

it is hereby ORDERED that:

1.  We decline to adopt the report (Doc. 21) of Magistrate Judge Carlson to the extent it opines that the ALJ properly weighed and adequately justified her assessment of Dr. Bhatt's treating source medical opinion.

2.  The Clerk of Court shall enter judgment in favor of plaintiff Lena Maria Camacho Baez and against the Commissioner of Social Security ("Commissioner") as set forth in the following paragraph.

3.  The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, to develop the record fully, and to evaluate the evidence properly in accordance with this order.

4.  The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[6] See Morales, 225 F.3d at 317-18 ("In choosing to reject the treating physician's assessment, an ALJ . . . may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence.").

[7] See Cotter v. Harris, 642 F.2d 700, 704, 706 (3d Cir. 1981) (stating that an ALJ must articulate a "clear and satisfactory explication of the basis on which" their decision rests, and that the need for such explanation is "particularly acute" when the ALJ rejects relevant evidence or resolves conflicts in probative evidence).